R. Terry Parker, Esquire
Kevin P. Scura, Esquire
RATH, YOUNG & PIGNATELLI, P.C.
120 Water Street, 2nd Floor
Boston, MA 02109

*Attorneys for Plaintiff*
*God's Era*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| God's Era,<br><br>                    Plaintiff,<br><br>        v.<br><br>New Era Cap Co., Inc,<br><br>                    Defendant. | Civil Case No. |

## COMPLAINT AND JURY DEMAND

Plaintiff, God's Era, a sole proprietorship ("Plaintiff"), by its undersigned attorneys, Rath, Young, and Pignatelli P.C., for its complaint alleges as follows:

### SUBSTANCE OF THE ACTION

1.      This is an action of willful trademark infringement, unfair competition, injury to business reputation, and false and deceptive business practices, all in violation of the laws of the United States and the Commonwealth of Massachusetts.  Plaintiff seeks a permanent injunction, damages, including the profits of defendant New Era Cap Co., Inc. ("Defendant"), trebled under the law, punitive damages, and related relief as more fully described herein.

### PARTIES

2.      Plaintiff is a sole proprietorship with an address at PO Box 9120, Chelsea, Massachusetts 02150.

3.      Upon information and belief, Defendant is a corporation duly organized and existing under the laws of New York with offices located at 160 Delaware Avenue, Buffalo, New York 14202.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, sections 1332(a), 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. § 1338(a) and § 1338(b).  This Court has subject matter jurisdiction over the non-federal claims asserted herein pursuant to section 1367 of the Judicial Code, 28 U.S.C. § 1367(a), which provides supplemental jurisdiction.

5.      Personal jurisdiction over Defendant is proper because Defendant is conducting business in this judicial district and committing torts in this state, including without limitation Defendant's trademark infringement, unfair competition, and deceptive trade practices, which cause harm in this state and in this judicial district.

6.      Venue properly lies in the judicial district under sections 1391(b) and (c) of the Judicial Code, 28 U.S.C. § 1391(b) and (d), because a substantial portion of the events at issue have arisen and/or will arise in this judicial district and because this Court has personal jurisdiction over Defendant.  In a trademark infringement lawsuit, a substantial part of the events giving rise to the claim occurs in any district in which consumers are likely to be confused by the infringing goods or services, whether that occurs in one district or many districts.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.      Plaintiff's Business and Trademark**

7.      Plaintiff is a small, start-up company in the Commonwealth of Massachusetts that markets and sells casual apparel.  The company is wholly self-funded by its owner, Averil Hilton, who is currently a full-time college student studying accounting and working full-time at another

job to support herself.

8.      In what little spare time she had, Ms. Hilton conceived of and developed the GOD'S ERA brand in the spring of 2015, wanting to build a line of apparel that reflected her Christian faith.

9.      Shortly after the business' conception, she wrote a business plan and designed the following distinctive trademark to reflect the concept of her brand:



10.      The trademark is hereinafter referred to as the "GOD'S ERA™ Mark."

11.      While maintaining another job and her studies, Ms. Hilton designed the apparel that she would sell, initially t-shirts and sweatshirts for men, women and children, in connection with the GOD'S ERA™ Mark.

12.      She located suppliers for the goods to be sold in connection with the GOD'S ERA™ Mark, at times traveling to the facilities at 5:00 a.m. before work and school to ensure Plaintiff's goods were manufactured as she envisioned.

13.      She began by selling to friends, family, members of her church and the general public at gospel concerts where she ran a merchandise booth and where, upon information and belief, customers came from states outside the Commonwealth of Massachusetts.

14.      She then built a website to sell more broadly, aiming to become a leader in the apparel industry and develop a strong customer base throughout the United States and generate a profit driven by the power of the GOD'S ERA™ brand.

15.      The GOD'S ERA™ brand is a unique combination of the streetwear of urban youth culture together with an unabashed love and passion for God and Christianity.  Attached hereto as Exhibit A are printouts from Plaintiff's website: www.godsera.com.

16.     Quickly, Plaintiff's business and the GOD'S ERA™ brand began to grow as more and more goods were sold in connection with the GOD'S ERA™ Mark.

17.     As a result of Plaintiff's exclusive and extensive use and promotion of the GOD'S ERA™ Mark, the GOD'S ERA™ Mark has acquired value and recognition among the relevant consuming public for Plaintiff's apparel.

18.     The GOD'S ERA™ Mark is known among the relevant consuming public as identifying and distinguishing Plaintiff exclusively and uniquely as the source of certain types of apparel.

19.     As a result of Plaintiff's continued use of the GOD'S ERA™ Mark, Plaintiff has developed a reputation and significance among relevant consumers that distinguishes the apparel sold in connection with the GOD'S ERA™ Mark from the apparel sold by others in the marketplace.

20.     Accordingly, Plaintiff owns and exclusively controls all trademark rights of the GOD'S ERA™ Mark.

21.     On October 24, 2016, Plaintiff sought to register the GOD'S ERA™ Mark in Class 25 with the United States Patent and Trademark Office ("USPTO") by filing Application Serial No. 87213132 for various types of apparel for men, women, children, and babies.

**B.     Defendant's Business and Opposition Campaign**

22.     Defendant is a large multinational corporation perhaps best known among aficionados of baseball caps as the official on-field cap for Major League Baseball.

23.     However, upon information and belief, Defendant has recently begun selling hats in connection with the National Football League, and National Basketball Association and is attempting to expand into the retail apparel business.

24.     Plaintiff was shocked to learn that, on March 22, 2017, Defendant opposed the registration of the GOD'S ERA™ Mark by filing a Notice of Opposition in the USPTO before the Trademark Trial and Appeal Board ("TTAB"), Opposition Proceeding No. 91233557 (the "Opposition Proceeding").

25.     Defendant's opposition to the registration of the GOD'S ERA™ Mark was based on section 2(d) of the Lanham Act, which provides:

> No trademark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it . . . . Consists of or comprises a mark which so resembles a mark registered in the Patent and Trademark Office, or a mark or trade name previously used in the United States by another and not abandoned, as to be likely, when used on or in connection with the goods of the applicant, to cause confusion, or to cause mistake, or to deceive . . . .

26.     Defendant alleged that the registration of the GOD'S ERA™ Mark will cause a likelihood of consumer confusion, mistake, or deception between the GOD'S ERA™ Mark and the following trademarks, hereinafter referred to as the "NEW ERA® Marks", allegedly owned by Defendant:

| Mark | Reg. No./App. No. |
|---|---|
|  | 2017209 |
|  | 2031348 |
|  | 2434957 |
| NEW ERA | 2584973 |

| Mark | Reg. No./App. No. |
|---|---|
|  | 3298501 |
| NEW ERA FITS | 3595192 |
| NEW ERA | 3759352 |
| NEW ERA | 4396437 |
|  | 3122529 |
|  | 3811674 |
|  | 4166506 |
|  | 4183968 |
| NEW ERA BY YOU | 4258770 |
| NEW ERA RE-CAP | 3803450 |
| NEW ERA CAP | 2550756 |
| DRYERA | 4380794 |
| COOLERA | 4380795 |
| SOLARERA | 4380796 |
| WINTERERA | 4380816 |

| Mark | Reg. No./App. No. |
|---|---|
| DIAMOND ERA | 4456418 |
| MICROERA | 4633210 |

27.     Upon information and belief, Defendant uses the above listed marks in connection with the sale of various forms of apparel, but primarily baseball caps for Major League Baseball uniforms.

28.     Plaintiff denied, and continues to deny, that the registration of the GOD'S ERA™ Mark would cause a likelihood of confusion with any of Defendant's marks given, *inter alia*, the prominence of the word "GOD" in the commercial impression of the GOD'S ERA™ Mark.

29.     Plaintiff informed Defendant that none of Defendant's marks included or referenced the word "GOD" or a possessive of any sort and were thus wholly dissimilar in their commercial impression to the GOD'S ERA™ Mark.

30.     Given the absence of the term "GOD" in any of the Defendant's trademarks, the registration and use of the GOD'S ERA™ Mark is unlikely, when used on or in connection with the Plaintiff's apparel or intended apparel, to cause confusion, or to cause mistake, or deception among consumers.

31.     In addition, the streetwear, youth culture style of Plaintiff's apparel is significantly different from the professional uniform style for which Defendant is known.

**C.     Defendant's Unlawful Activity**

32.     Upon information and belief, in or about June of 2017, New Era incorporated the term GOD into the commercial impression of the NEW ERA® trademark.

33.     Specifically, upon information and belief, in or about June of 2017, three months after Defendant opposed the registration of the GOD'S ERA™ Mark and two years after Defendant's first use of the GOD'S ERA™ Mark, Defendant began selling apparel under a combination of the marks NEW ERA® and FEAR OF GOD®.

34.     Defendant's incorporation of the term GOD into the commercial impression of the NEW ERA® Mark when used in connection with the sale of apparel is hereinafter referred to as the Infringing Mark.

35.     Attached hereto as Exhibit B is a copy from Defendant's website demonstrating Defendant's incorporation of the term "GOD" into the commercial impression of the NEW ERA® trademark.

36.     When consumers look for GOD'S ERA™ apparel online, they are directed to Defendant's infringing apparel.

37.     Attached hereto as Exhibit C is a copy from screenshot of GOOGLE search of Plaintiff's apparel which directs customers to Defendant's infringing apparel.

38.     In addition, Defendant's incorporation of the term "GOD" with the NEW ERA® Mark appears to be part of an overall brand change by Defendant, moving Defendant away from its image as a supplier of caps to go with professional baseball uniforms to a style more "street" and similar to the style reflected in the GOD'S ERA™ brand.

39.     Defendant's use of the Infringing Mark is subsequent to the publication of Plaintiff's application to register the GOD'S ERA™ Mark.

40.     Defendant's use of the Infringing Mark is subsequent to Plaintiff establishing its exclusive rights to the GOD'S ERA™ Mark.

41.     Defendant's use of the Infringing Mark is subsequent to Defendant's knowledge of the GOD'S ERA™ Mark.

42.     Upon information and belief, the use by Defendant of the Infringing Mark was intentional and willful.

43.     Upon information and belief, Defendant, a significantly larger company than Plaintiff with significantly more resources, is using the Infringing Mark to cause an adverse

commercial impact upon Plaintiff, intending to deliberately push Plaintiff out of the casual streetwear market by flooding the market with advertising and promotion of Defendant's Infringing Mark and apparel.

44.     Upon information and belief, Defendant is intentionally copying the style of Plaintiff's GOD'S ERA™ brand.

45.     Upon information and belief, Defendant knew the consumers of Plaintiff's apparel would be confused by and deceived by the Infringing Mark.

46.     Defendant's conduct is with gross, wanton, or willful disregarded of the rights of Plaintiff.

<u>COUNT I</u>

**(Federal False Designation of Origin and Unfair Competition)**

47.     Plaintiff hereby incorporates by reference and realleges each and every allegation set forth above.

48.     Defendant's offer to sell, sale, distribution, and advertisement of apparel under the Infringing Mark constitutes unfair competition and false designation of origin in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49.     The GOD'S ERA™ Mark is entitled to protection under both federal and common law.

50.     Defendant's unauthorized use of the Infringing Mark has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law, including substantial and irreparable injury to the goodwill and reputation associated with the GOD'S ERA™ Mark.

51.     Upon information and belief, Defendant's infringement of the GOD'S ERA™ Mark is willful and reflects Defendant's intent to trade on the goodwill of the GOD'S ERA™ Mark.

52.     Plaintiff has no adequate remedy at law.  If use of the Infringing Mark by Defendant is not enjoined, plaintiffs will suffer substantial and irreparable injury to its business reputation and the goodwill associated with the GOD'S ERA™ Mark.

## COUNT II

### (Trademark Infringement in Violation of Massachusetts Common Law)

53.     Plaintiff hereby incorporates by reference and realleges each and every allegation set forth above.

54.     Defendant's offer to sell, sale, distribution, and advertisement of apparel under the Infringing Mark constitutes common law trademark infringement.

55.     Plaintiff owns the exclusive rights to the GOD'S ERA™ Mark.

56.     Defendant's unauthorized use of the Infringing Mark is likely to cause confusion and deceive consumers as to the origin, sponsorship, or approval of Defendant's products by creating the false and misleading impression that Defendant's goods are associated with Plaintiff.

57.     Defendant's unauthorized use of the Infringing Mark has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Plaintiff for which they have no adequate remedy at law, including substantial and irreparable injury to the goodwill and reputation associated with the GOD'S ERA™ Mark.

58.     Upon information and belief, Defendant's infringement of the GOD'S ERA™ Mark is willful and reflects Defendant's intent to trade on the goodwill of the GOD'S ERA™ Mark.

59.     Plaintiff is entitled to injunctive relief, and is also entitled to recover their damages, costs, and reasonable attorney's fees.

60.     Defendant's act constitutes trademark infringement in violation of the common law of the Commonwealth of Massachusetts.

61.     Defendant's unauthorized use of the Infringing Mark, unless enjoined, will cause substantial and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation associated with the GOD'S ERA™ Mark.

## COUNT III

### (Unfair Competition in Violation of Massachusetts Common Law)

62.     Plaintiff hereby incorporates by reference and realleges each and every allegation set forth above.

63.     With knowledge of the distinctiveness of the GOD'S ERA™ Mark, Defendant intended to and did trade on the goodwill and brand recognition associated with the GOD'S ERA™ Mark by promoting and selling apparel using the Infringing Mark.

64.     Defendant's intentional and willful adoption of the Infringing Mark poses irreparable harm to the goodwill of Plaintiff's business.

65.     Defendant is using the Infringing Mark in reckless disregard for the adverse commercial impact such use poses to Plaintiff's business.

66.     Defendant's conduct threatens to extinguish what goodwill Plaintiff has earned in the casual streetwear marketplace by flooding the market with advertising and promotion of the Infringing Mark and the infringing apparel.

67.     Defendant's unauthorized use of the Infringing Mark, unless enjoined, will cause substantial and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law,

including at least substantial and irreparable injury to the goodwill and reputation associated with

the GOD'S ERA™ Mark.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays for the following relief:

    A.    For judgment that:

        1.    Defendant has engaged in unfair competition in violation of the section 43(a) of the Lanham Act, 15 U.S.C. 1125(a);

        2.    Defendant has engaged in trademark infringement in violation of the Massachusetts common law; and

        3.    Defendant has engaged in unfair competition in violation of the Massachusetts common law;

    B.    For a permanent injunction enjoining Defendant, and any successors or assigns, and its principals, officers, partners, agents, subcontractors, servants, employees, attorneys, affiliates, licensees, subsidiaries and related companies or entities, and all others acting in active concert or participation with it who receive actual notice of the Court's order by personal service or otherwise, from:

        1.    Using the term GOD in connection with any of the NEW ERA® Marks, or any simulation, reproduction, copy, colorable imitation or confusingly similar variation of Plaintiff's GOD'S ERA® Mark in or as part of a design, logo, domain name, or trademark; using any such mark in connection with the promotion, advertisement, sale, offering for sale, manufacture, production, or distribution of any business, product, or service; and from using any such mark on or as feature of any product;

2.      Passing off, inducing, or enabling others to pass off, sell, offer, distribute, disseminate, or otherwise provide any product that bears the term GOD in connection with any of the NEW ERA® Marks, or any mark that is a simulation, reproduction, copy, colorable imitation, or confusingly similar variation of Plaintiff's GOD'S ERA® Mark;

3.      Using proceedings before the Trademark Trial and Appeal Board at the United States Patent Office to block the registration of the Plaintiff's GOD'S ERA® Mark; and

4.      Otherwise competing unfairly with Plaintiff in any manner.

C.      For an order that: 1) Defendant account for and pay over to Plaintiff the amount of any profits realized by Defendant by reason of Defendant's unlawful and willful acts as alleged herein; 2) Plaintiff be awarded actual damages suffered by Plaintiff by reason of Defendant's unlawful and willful acts as alleged herein, including profits realized by Defendant, to be increased by a sum equal to three times the amount thereof as provided by law; 3) Plaintiff be awarded interest, including prejudgment interest, on all damages sums; 4) Plaintiff be awarded its costs and reasonable attorney's fees and have such other and further relief as the Court may deem equitable, including, but not limited to, any relief set forth under 15 U.S.C. §§ 1116-1118; and Plaintiff be awarded actual and punitive damages as provided for under applicable federal and state law.

D.      For an order directing, the destruction of all packaging and any printed material, including advertising materials and point-of-sale displays, bearing the term GOD in connection with any of the NEW ERA® Marks in Defendant's possession or control, and all plates, molds, matrices and other means of making the aforesaid printed materials; and publicly acknowledging the wrongful activities alleged herein.

E.      For an order directing Defendant to file with the Court and serve upon Plaintiff within thirty (30) days after service of the injunction upon Defendant, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

F.      For such other and further relief as the Court shall deem appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.


Dated:  May 22, 2018

Respectfully submitted,

By: */s/R. Terry Parker*
R. Terry Parker, Esquire
BBO# 569008
Kevin P. Scura, Esquire
BBO# 692320
RATH, YOUNG & PIGNATELLI, P.C.
120 Water Street, 2nd Floor
Boston, MA 02109
Email: rtp@rathlaw.com
Email: kps@rathlaw.com
Tel.: (603) 410-4338


*Attorneys for Plaintiff*
*God's Era*